UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION
————

SHAWN L. HOWARD,

                Plaintiff,                      Case No. 1:13-cv-118

v.                                      Honorable Paul L. Maloney

UNKNOWN BROOKE et al.,

                Defendants.

_____/

**OPINION**

        This is a civil rights action brought by a state prisoner pursuant to 42 U.S.C. § 1983. The Court has granted Plaintiff leave to proceed *in forma pauperis*. Under the Prison Litigation Reform Act (PLRA), PUB. L. NO. 104-134, 110 STAT. 1321 (1996), the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A; 42 U.S.C. § 1997e(c). The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Applying these standards, the Court will dismiss Plaintiff's complaint for failure to state a claim against Defendants Young and Nicewicz. The Court will serve the complaint against Defendant Brooke, and Plaintiff's request for appointment of counsel will be denied.

**Discussion**

I.        Factual allegations

Plaintiff Shawn L. Howard is incarcerated at Carson City Correctional Facility, though the events giving rise to this action occurred while he was incarcerated at Bellamy Creek Correctional Facility (IBC).  Defendants are employees of IBC: Correctional Officer (unknown) Brooke, Assistant Deputy Warden (unknown) Young, and Sergeant (unknown) Nicewicz.

In his *pro se* complaint, Plaintiff alleges that he experienced an "ongoing issue" with Defendant Brooke, so he filed a grievance against him and exhausted the grievance process.[1] (Compl., docket #1, Page ID#3.)  As Plaintiff was walking to the healthcare unit to pick up some medication, Brooke started walking close to Plaintiff.  Plaintiff asked Brooke to back away.  Brooke then dropped some money on the ground and stated, "Oh look whose that, look what you just dropped."  (*Id.*)  As Plaintiff proceeded to the "med window" to pick up his medication, Brooke followed, making comments about Plaintiff.  (*Id.*)  Plaintiff asked Brooke not to bother him, but Brooke made "sexual" comments about "putting his penis in Plaintiff's mouth and sticking his penis in Plaintiff's anal rectum."  (*Id.*)  Thereafter, Brooke harassed Plaintiff with "frivolous shakedowns." (*Id.*)  Brooke also told Plaintiff that if he writes a grievance, Brooke will "retaliate with writing the misconducts until his hands get tired."  (*Id.*)

Plaintiff also alleges that Defendant Nicewicz failed to sign "the grievance response," and that Defendant Young destroyed "the grievance."[2]  (*Id.*)

---

[1]The complaint does not describe the timing or contents of the grievance, or otherwise indicate whether it concerned any of the conduct by Brooke that is alleged in the complaint.

[2]The complaint provides no details about the latter grievance.

As relief, Plaintiff requests compensatory and punitive damages. He also requests appointment of counsel.

II.  Failure to state a claim

A complaint may be dismissed for failure to state a claim if it fails "'to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). While a complaint need not contain detailed factual allegations, a plaintiff's allegations must include more than labels and conclusions. *Twombly*, 550 U.S. at 555; *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). The court must determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 679. Although the plausibility standard is not equivalent to a "'probability requirement,' . . . it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 556). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – that the pleader is entitled to relief." *Iqbal*, 556 U.S. at 679 (quoting FED. R. CIV. P. 8(a)(2)); *see also Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010) (holding that the *Twombly/Iqbal* plausibility standard applies to dismissals of prisoner cases on initial review under 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2)(B)(I)).

-3-

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under color of state law.  *West v. Atkins*, 487 U.S. 42, 48 (1988); *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996).  Because § 1983 is a method for vindicating federal rights, not a source of substantive rights itself, the first step in an action under § 1983 is to identify the specific constitutional right allegedly infringed.  *Albright v. Oliver*, 510 U.S. 266, 271 (1994).

## A.  Defendants Nicewicz & Young

Plaintiff fails to state a claim against Defendants Nicewicz and Young, because he has not alleged any unconstitutional conduct on their part.  Failing to sign a grievance response and/or destroying a grievance does not violate Plaintiff's constitutional rights.  The Sixth Circuit has held that there is no constitutionally-protected due process right to an effective prison grievance procedure.  *Walker v. Mich. Dep't of Corr.,* 128 F. App'x 441, 445 (6th Cir. 2005); *Argue v. Hofmeyer*, 80 F. App'x 427, 430 (6th Cir. 2003); *Young v. Gundy,* 30 F. App'x 568, 569-70 (6th Cir. 2002); *Carpenter v. Wilkinson,* No. 99-3562, 2000 WL 190054, at *2 (6th Cir. Feb. 7, 2000); *see also Antonelli v. Sheahan*, 81 F.3d 1422, 1430 (7th Cir.1996); *Adams v. Rice*, 40 F.3d 72, 75 (4th Cir. 1994).  Moreover, Michigan law does not create a liberty interest in the grievance procedure. *See Olim v. Wakinekona,* 461 U.S. 238, 249 (1983); *Wynn v. Wolf*, No. 93-2411, 1994 WL 105907, at *1 (6th Cir. Mar. 28, 1994).

On the other hand, Plaintiff does have a constitutional right to access the courts, *see Bounds v. Smith*, 430 U.S. 817, 821 (1977), and Plaintiff must exhaust the prison grievance process before pursuing a civil rights claim in court, s*ee* 42 U.S.C. § 1997e(a).  Plaintiff does not state an access claim, however, because he does not allege any injury as a result of Defendants' actions.  *See*

-4-

*Lewis v. Casey*, 518 U.S. 343, 349-53 (1996) (holding that "actual injury," *i.e.* prejudice to contemplated or existing litigation, is an element of an access claim).  Further, the Supreme Court has held that "the underlying cause of action and its lost remedy must be addressed by allegations in the complaint sufficient to give the defendant fair notice" of an access claim.  *Christopher v. Harbury*, 536 U.S. 403, 416 (2002).  Plaintiff does not describe the contents of the grievance at issue, much less identify a cause of action that was impaired as a result of Defendants' actions; thus, he does not state an access-to-the-courts claim.

Furthermore, Plaintiff cannot hold Defendants Young and Nicewicz liable for the conduct of Defendant Brooke merely because they had supervisory authority or control over him, or because they failed to act in response to Plaintiff's grievances.  Government officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of respondeat superior or vicarious liability.  *Iqbal*, 556 U.S. at 676; *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 691(1978); *Everson v. Leis*, 556 F.3d 484, 495 (6th Cir. 2009).  A claimed constitutional violation must be based upon active unconstitutional behavior.  *Grinter v. Knight*, 532 F.3d 567, 575 (6th Cir. 2008); *Greene v. Barber*, 310 F.3d 889, 899 (6th Cir. 2002).  The acts of one's subordinates are not enough, nor can supervisory liability be based upon the mere failure to act.  *Grinter*, 532 F.3d at 575; *Greene*, 310 F.3d at 899; *Summers v. Leis*, 368 F.3d 881, 888 (6th Cir. 2004).  Moreover, § 1983 liability may not be imposed simply because a supervisor denied an administrative grievance or failed to act based upon information contained in a grievance.  *See Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999).  As the Sixth Circuit has repeatedly emphasized:

> Section 1983 liability will not be imposed solely upon the basis of respondeat
> superior.  There must be a showing that the supervisor encouraged the specific

incident of misconduct or in some other way directly participated in it. At a minimum, a § 1983 plaintiff must show that a supervisory official at least implicitly authorized, approved or knowingly acquiesced in the unconstitutional conduct of the offending subordinate.

*Taylor v. Mich. Dep't of Corr.*, 69 F.3d 76, 81 (6th Cir. 1995) (citing *Bellamy v. Bradley*, 729 F.2d 416, 421 (6th Cir. 1984)); *accord Copeland v. Machulis*, 57 F.3d 476, 481 (6th Cir. 1995). In short, "a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Iqbal*, 556 U.S. at 676. Plaintiff has failed to allege that Defendants Young and Nicewicz engaged in any active unconstitutional behavior. Accordingly, they will be dismissed for failure to state a claim.

### B. Defendant Brooke

At this stage of the case, the Court concludes that Plaintiff's allegations against Defendant Brooke are sufficient to warrant service of the complaint on him.

### III. Appointment of counsel

Plaintiff has requested a court-appointed attorney. Indigent parties in civil cases have no constitutional right to a court-appointed attorney. *Abdur-Rahman v. Mich. Dep't of Corr.*, 65 F.3d 489, 492 (6th Cir. 1995); *Lavado v. Keohane*, 992 F.2d 601, 604-05 (6th Cir. 1993). The Court may, however, request an attorney to serve as counsel, in the Court's discretion. *Abdur- Rahman*, 65 F.3d at 492; *Lavado*, 992 F.2d at 604-05; *see Mallard v. U.S. Dist. Court*, 490 U.S. 296 (1989).

Appointment of counsel is a privilege that is justified only in exceptional circumstances. In determining whether to exercise its discretion, the Court should consider the complexity of the issues, the procedural posture of the case, and Plaintiff's apparent ability to prosecute the action without the help of counsel. *See Lavado*, 992 F.2d at 606. The Court has carefully considered these factors and determines that, at this stage of the case, the assistance of

-6-

counsel does not appear necessary to the proper presentation of Plaintiff's position.  Plaintiff's request for appointment of counsel will be denied.

## **Conclusion**

Having conducted the review required by the Prison Litigation Reform Act, the Court determines that Defendants Nicewicz and Young will be dismissed for failure to state a claim pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c).  The Court will serve the complaint against Defendant Brooke.  Plaintiff's request for appointment of counsel will be denied.

An Order consistent with this Opinion will be entered.


Dated:___May 21, 2013___                         /s/ Paul L. Maloney_____
                                                 Paul L. Maloney
                                                 Chief United States District Judge